IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN EARL BERIDON, JR., <br><br> Defendant. | 8:20-CR-236 <br><br><br> ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |

This matter is before the Court on Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). Filing 96. For the reasons stated herein, Defendant's motion is denied.

Defendant, John Earl Beridon, pleaded guilty to possessing, with intent to distribute, fifty grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1) on April 16, 2021. Filing 64. The Court sentenced him to 96 months' incarceration on August 18, 2021. Filing 81. Defendant's counsel filed a Notice of Appeal, Filing 83, on September 1, 2021, challenging Defendant's sentence. His case remains pending before the Eighth Circuit Court of Appeals. Eighth Circuit Court of Appeals Docket # 21-2979.

Defendant is now before this Court seeking modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 96. Defendant asserts his physical and medical conditions are grounds for his release under 18 U.S.C. § 3582(c)(1)(A)(i). Filing 96 at 4-5; *see* 18 U.S.C. § 3582(c)(1)(A)(i) (authorizing courts to reduce sentences where "extraordinary and compelling reasons warrant such a reduction"). Specifically, Defendant notes he suffers from scoliosis, which resulted in back surgery and the implantation of a steel rod; rheumatoid arthritis; high blood pressure; and "constant pain." Filing 96 at 5. He has also indicated that he uses a cane and has requested a walker. Filing 97 at 4. The Bureau of Prisons (BOP) denied Defendant's request for

1

compassionate release or reduction in sentence on April 8, 2022. Filing 96 at 8. There are at least two reasons that the Court now similarly denies Defendant's motion.

First, this Court is without jurisdiction to properly entertain Defendant's request because his case is pending on appeal. *See United States v. Jackson*, No. 15-cr-260(7) (PAM/TNL), 2021 WL 806366, at *1 (D. Minn. Mar. 3, 2021) ("Because [Defendant] has filed appealed a previous Order of this Court, the Court lacks jurisdiction to grant this Motion [for compassionate release]."); *United States v. Wolfe*, 6:18-cr-00582-DCC-1, 2022 WL 1204840, at *2 (D. S.C. Apr. 21. 2022) ("Indeed, the district court lacks the authority to grant a motion for reduction of sentence while the defendant's appeal is pending." (citing *United States v. Bunch*, 828 F. App'x 185 (4th Cir. 2020); *United States v. Pawlowski*, 967 F.3d 327, 329 n.4 (3d Cir. 2020); *United States v. Cardoza*, 790 F.3d 247, 248 (1st Cir. 2015))). Pursuant to the Federal Rules of Criminal Procedure,

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a). Thus, this Court may, and does, deny Defendant's motion.

Secondly, the Court would deny Defendant's motion even if it had jurisdiction because Defendant has not demonstrated "extraordinary and compelling reasons" warranting his release or a reduced sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Extraordinary and compelling reasons exist where a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Defendant has provided no supporting medical records indicating the extent to which he is likely to recover from any of his asserted ailments. Further, that Defendant is able to walk with a cane or

walker suggests a reasonable likelihood that he is able to care from himself. There is also no indication in the record that BOP is in any way failing to meet Defendant's needs with regard to his medical and physical condition. Defendant's bald assertion that he has some medical or physical conditions is insufficient to constitute extraordinary and compelling reasons justifying a sentence reduction or his release. Thus, Defendant's motion must be denied. Accordingly,

IT IS ORDERED:

1. Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), Filing 96, is denied.

Dated this 6th day of July, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge